1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

| | |
|---|---|
| RAFAEL A. ROCHA,                )<br>                                            )<br>                    Plaintiff,       )<br>                                            )<br>            v.                          )<br>                                            )<br>MICHAEL J. ASTRUE,              )<br>Commissioner of Social Security,  )<br>                                            )<br>                    Defendant.    )<br>_____ ) | Case No. CV 09-0856-JEM<br><br>MEMORANDUM OPINION AND ORDER<br>REVERSING DECISION OF<br>COMMISSIONER AND REMANDING<br>FOR FURTHER PROCEEDINGS |

17

## PROCEEDINGS

18   On February 6, 2009, Rafael A. Rocha ("Plaintiff or Claimant") filed a complaint seeking

19   review of the decision by the Commissioner of Social Security ("Commissioner") denying

20   plaintiff's application for Disability Insurance benefits.  Pursuant to 28 U.S.C. § 636(c), both

21   parties filed consents to proceed before this Magistrate Judge. On November 25, 2009, the

22   parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

23   After reviewing the pleadings, transcripts and administrative record ("AR"), the Court

24   concludes that the Commissioner's decision should be reversed and remanded for further

25   proceedings in accordance with law and with this Memorandum and Order.

26

## BACKGROUND

27   On September 26, 2003, Plaintiff Rafael Rocha filed an application for Social Security

28   Disability Insurance benefits.  (AR 69-71.)  He is a 63 year old male who was determined to

have the severe medical impairments of cervical and lumbar spine degenerative disc disease and right shoulder impingement syndrome (status post-arthroscopic surgery).  (AR 340.)  He alleges an onset date of August 12, 2003, when he suffered an injury from a fall at work.  (AR 337.)  He has not engaged in substantial gainful activity since August 12, 2003.  (AR 340.)

Plaintiff's claim was denied initially by the Social Security Administration ("SSA") on February 20, 2004, and on reconsideration on May 21, 2004.  (AR 337.)  Plaintiff then requested a hearing which was held on February 7, 2005, in Los Angeles, California, before Administrative Law Judge ("ALJ") Sally C. Reason.  (AR 337.)  An unfavorable decision was issued on April 22, 2005.  (AR 337.)

The Claimant filed a Request for Review on June 20, 2005, which was denied by the Appeals Council on August 12, 2005.  (AR 337.)

The Claimant then filed a civil action in the United States District Court for the Central District of California.  (AR 337.)  United States Magistrate Judge Jennifer Lum reversed the ALJ's decision because the ALJ ignored evidence that might establish that Plaintiff had a severe mental impairment and directed further development on this point.  (AR 337.)

On remand, a second hearing was held on September 3, 2008, before ALJ Reason.  (JS  2.)  A second unfavorable decision was issued on October 6, 2008.  (JS 2, AR 358-68.)  Plaintiff then instituted this action.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal and remand are as follows:

1.  Whether the ALJ erred by rejecting the opinions and assessments of Dr. Broukhim and Dr. Mok, the Plaintiff's treating physicians?

2.  Whether the ALJ erred in failing to consider the combined impact of the Plaintiff's impairments in determining the Residential Functional Capacity at Step 4 of the Sequential Evaluation?

3.  Whether the ALJ's credibility assessment of the Plaintiff is proper?

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citations omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).

**DISCUSSION**

The ALJ concluded on remand that Plaintiff did not have a severe mental impairment. (AR 344.) Although Plaintiff was treated for depression, he does not challenge the ALJ's nonseverity determination here.

The ALJ also concluded that Plaintiff did not have severe impairments of sinus problems, hearing loss, vision loss, or knee pain that result in more than a minimal effect on his ability to work. (AR 343-44.) Although Plaintiff was treated for these ailments, he does not challenge the ALJ's nonseverity determination here.

Plaintiff's degenerative disc disease and related orthopedic ailments of the back, neck, and shoulder are another matter. The ALJ concluded that these impairments were severe but that Plaintiff nonetheless could perform past relevant medium exertional work not involving overhead reaching with his right upper extremity. (AR 340-345.) There is, however, substantial evidence that Plaintiff's lumbar impairments result in other, more severe functional limitations. (AR 200-202, 194-196.) The ALJ discounts this evidence, but the medical and record evidence is mixed and ambiguous. Although the ALJ is charged with resolving conflicts in the evidence and making credibility determinations, Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995),

3

the ALJ committed legal error by failing to develop the record sufficiently as to Plaintiff's residual functional capacity.  Indeed, there were no medical records available for the three years before the second hearing (AR 409) and consequently not a sufficient basis for assessing his current functioning.  Therefore, the Court reverses the ALJ's decision and remands for further proceedings.

**A.      The Sequential Evaluation**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantially gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations.  Id.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the

1  burden shifts to the Commissioner to show that the claimant may perform other gainful activity.

2  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

3       In this case, the ALJ determined that Plaintiff suffered from severe orthopedic

4  impairments but did not meet or equal a listing (step three) and could perform past relevant

5  work (step four).  (AR 340, 344, 345.)

6  **B.**    **The ALJ Failed to Develop the Record Sufficiently Regarding Plaintiff's**

7        **Degenerative Disc Disease**

8       Plaintiff, a general laborer most of his life, has degenerative disc disease and related

9  orthopedic ailments that appear to be progressive.  He suffered a work-related fall in August

10  2003 but had multilevel lumbar degenerative disc disease even before then.  (AR 263.)  The

11  ALJ acknowledged back pain complaints dating back to early 2002.  (AR 340.)  There was

12  decreased range of lumbar spine motion and a bulging disc.  (AR 340.)  The August 2003 fall

13  resulted in a right rotator cuff tear and ultimately Plaintiff underwent arthroscopic surgery.  (AR

14  263, 342.)

15       The ALJ decision chronicles the findings of lumbosacral syndrome, cervical spine

16  tenderness and decreased range of motion by Dr. Jody, Dr. Broukhim, Dr. Mok, and

17  Dr. Luciano in 2003 and 2004.  (AR 340-343.)  All of these physicians reported greater

18  functional limitations than found by the ALJ.  (AR 340-343.)  Three of these physicians found

19  Plaintiff to be disabled.  (AR 340-343.)  The ALJ decision rejects the disability opinions of Dr.

20  Broukhim and Dr. Mok (AR 347) but does not address Dr. Jody's September 4, 2003,

21  assessment that Plaintiff was unable to work due to lack of "light" work duties.

22       A treating physician's opinion is entitled to greater weight than that of non-treating

23  physicians.  Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Smolen v. Chater, 80 F.3d

24  1273, 1285 (9th Cir. 1996).  Indeed, treating physicians' opinions are entitled to "special

25  weight," Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988), or the "greatest weight."  Orn v.

26  Astrue, 495 F.3d 625, 632 (9th Cir. 2007).  Greater weight is given to treating physicians'

27  opinions because treating physicians are "employed to cure and thus have the greatest

28

1   opportunity to know and observe the patient . . ." Smolen, 80 F.3d at 1285; see also Orn, 495

2   F.3d at 633 (treating relationship provides a "unique perspective").

3        If uncontradicted, the ALJ may not reject a treating doctor's opinion without clear and

4   convincing reasons supported by substantial evidence. Reddick, 157 F.3d at 725. Even if

5   contradicted, the ALJ may not reject the treating physician's opinion without specific and

6   legitimate reasons supported by substantial evidence. Id.

7        The ALJ rejected the opinions of Dr. Broukhim and Dr. Mok in part because no treating

8   or examining source recommended more than conservative treatment. (AR 347.)  Yet there is

9   no basis in the record for saying that surgery or other invasive procedure or more powerful

10  other drugs would have resulted in any improvement.

11       The ALJ also rejected the opinions of Dr. Broukhim and Dr. Mok because their findings

12  are not compatible with the record, including other medical reports. (AR 347.)  The ALJ relies

13  on a November 2003 report by Dr. Singh, but Dr. Singh never reviewed any medical records

14  (AR 122) and his opinions on degenerative disc disease, range of motion, and functional

15  limitations contradict every other treating or examining physician.  (AR 341.)  Dr. Singh's report,

16  moreover, was five years before the second hearing.  The State Agency physician did not

17  examine Plaintiff and Dr. Luciano was a forensic Workers' Compensation physician focused on

18  industrial causation.

19       The ALJ also erroneously asserts that Dr. Broukhim and Dr. Mok relied primarily on

20  Plaintiff's subjective complaints.  (AR 347.)  The two physicians conducted numerous tests and

21  treated Plaintiff several times.  (AR 215, 222, 295-95.)  There is no question that Plaintiff has

22  degenerative disc disease and Dr.  Broukhim and Dr. Mok found restricted range of motion, as

23  did Dr. Luciano.

24       The ALJ also discounted Plaintiff's subjective complaints as exaggerated and not

25  credible.  (AR 348.)  The test for deciding whether to accept a claimant's subjective symptom

26  testimony turns on whether the claimant produces medical evidence of an impairment that

27  reasonably could be expected to produce the pain or other symptoms involved.  Bunnell v.

28  Sullivan, 947 F.3d 341, 346 (9th Cir. 1991); Reddick, 157 F.3d at 722; Smolen, 80 F.3d at

1  1281-82 esp. n. 2; Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).  The Commissioner

2  may not discredit a claimant's testimony on the severity of the symptoms merely because they

3  are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at

4  343, 345.  If the ALJ finds the Claimant's pain testimony not credible, the ALJ must specifically

5  make findings that support this conclusion.  Bunnell, 947 F.2d at 345.  The ALJ must set forth

6  "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily

7  discredit claimant's testimony."  Thomas v. Barnhard, 278 F.3d 947, 958 (9th Cir. 2002); Rollins

8  v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345.  Unless there is

9  evidence of malingering, the ALJ can reject the Claimant's testimony about the severity of a

10  claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."

11  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1283-84.  The ALJ must identify what testimony

12  is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen,

13  80 F.3d at 1284.

14       There is no evidence of malingering here.  Additionally, the ALJ's claim that Plaintiff's

15  subjective symptoms are exaggerated is undermined by the diagnoses and assessments of

16  Drs. Broukim and Mok.  There is no question that Plaintiff has degenerative disc disease with at

17  least some restriction of function, and the ALJ concedes that Plaintiff's medically determined

18  impairments could be expected to produce Plaintiff's subjective symptoms.  There are some

19  minor inconsistencies in daily activities over several years but nothing of great consequence

20  that would impugn Plaintiff's credibility.

21       This is a close case.  The medical and record evidence is mixed and ambiguous.  The

22  most extensive medical testimony comes from forensic workers' compensation physicians

23  focused on industrial causation rather than Plaintiff's ability to work.  The record evidence on

24  Plaintiff's residual functional capacity is not sufficient to make a definitive determination about

25  his ability to perform his past relevant work.

26       At the 2008 hearing, moreover, the ALJ made a point that there were no new records

27  since 2005, which made it impossible to know "really truly how he's functioning at this time."

28

1   (AR 409.)  The ALJ should have ordered a complete orthopedic evaluation with a Residual

2   Functional Capacity assessment instead of relying solely on historic information.

3       In Social Security cases, the ALJ has a special, independent duty to develop the record

4   fully and fairly and to assure that the claimant's interests are considered.  Tonapetyan v. Halter,

5   242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d 441,

6   443 (9th Cir. 1983).  The ALJ has a basic duty to inform himself about facts relevant to his

7   decision.  Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring).  The

8   ALJ's duty to develop the record exists even when the claimant is represented by counsel.

9   Tonapetyan, 242 F.3d at 1150.

10      Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for

11  proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry.

12  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.  The ALJ may discharge this duty by

13  subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing or

14  keeping the record open after the hearing to allow supplementation of the record.  Smolen, 80

15  F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

16      In this case, the ALJ erred in not developing the record further as to Plaintiff's residual

17  functional capacity.  There is no dispute that Plaintiff has degenerative disc disease and related

18  lumbar impairments.  The record is ambiguous and outdated, and further inquiry is necessary to

19  determine Plaintiff's ability to work and at what level.

20                                  **ORDER**

21      IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

22  reversed and this matter is remanded for further proceedings in accord with the law and with

23  this Memorandum and Opinion.

24      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

25

26  DATED: March 5, 2010                      */s/ John E. McDermott*
                                            JOHN E. MCDERMOTT
27                                          UNITED STATES MAGISTRATE JUDGE

28